1    STEPHANIE M. HINDS (CABN 154284)
     United States Attorney
2
     THOMAS A. COLTHURST (CABN 99493)
3    Chief, Criminal Division

4    SAILAJA M. PAIDIPATY (NABN 5160007)
     Assistant United States Attorney
5
          450 Golden Gate Avenue, Box 36055
6         San Francisco, California 94102-3495
          Telephone: (415) 436-7200
7         FAX: (415) 436-7234
          sailaja.paidipaty@usdoj.gov
8
     Attorneys for United States of America
9
                          UNITED STATES DISTRICT COURT
10
                        NORTHERN DISTRICT OF CALIFORNIA
11
                              SAN FRANCISCO DIVISION
12

13   UNITED STATES OF AMERICA,              )   **CASE NO. 20-480-05 WHA**
                                            )
14           Plaintiff,                     )   **JOINT MOTION TO VACATE TRIAL DATE**
                                            )
15      v.                                  )   Hearing Date: January 19, 2022
                                            )   Time: 12:00 p.m.
16   ANA MALDONADO,                         )
                                            )   Hon. William Alsup
17           Defendant.                     )
                                            )
18   _____   )

19   **I.      BACKGROUND**

20           On January 12, 2022, the parties appeared before the Court to vacate the current February 7,

21   2020 trial date in the above-captioned case.  Dkt 163, Minute Entry.  As stated on the record, the

22   defendant is in violation of her pretrial release conditions and has not been heard from by defense

23   counsel or by U.S. Pretrial Services since approximately the week of December 13, 2021.  On December

24   22, 2021, the Honorable Laurel Beeler, U.S. Magistrate Judge issued a bench warrant for the defendant's

25   arrest.  *See* Dkt. 151, Minute Entry.  The parties waited until after the holidays before moving to vacate

26   the trial date to see if Maldonado would once more contact counsel and return to compliance with

27   conditions of release.

28           During the January 12, 2022 status conference, the Court ordered the parties to research and brief

     JOINT MOT. TO VACATE TRIAL                    1
     20-480-05 WHA

1  whether the defendant can be tried *in absentia*. Dkt 163, Minute Entry.  As set forth below, because the

2  defendant absconded prior to the start of her trial, the Federal Rules of Criminal Procedure bar

3  conducting a trial without Maldonado present.  The parties reiterate their joint request to vacate the

4  current trial date.

5  **II.     LEGAL ARGUMENT**

6         In *Crosby v. United States*, 506 U.S. 255, 262 (1993), the Supreme Court held that Rule 43 of the

7  Federal Rules of Criminal Procedure "prohibits the trial *in absentia* of a defendant who is not present at

8  the beginning of trial."  Rule 43 at the time provided that: "The defendant shall be present…at every

9  stage of the trial including the empaneling of the jury and the return of the verdict…except as otherwise

10  provided by this rule."  Fed. R. Cr. P. R. 43(a) (effective as of 1987).  The Rule went on to detail limited

11  situations where the *continued* presence of a defendant is not required, specifically, "[t]he further

12  progress of the trial to and including the return of the verdict shall not be prevented and defendants shall

13  be considered to have waived the right to be present whenever a defendant, initially present…is

14  voluntarily absent after the trial has commenced…"  Fed. R. Cr. P. R. 43(b)(1) (effective as of 1987).

15  Applying a plain reading of the Rule, the Supreme Court found that a court may not try a defendant *in*

16  *absentia* who fails to appear prior to the commencement of trial.  506 U.S at 262.

17         The Court found a logical basis for the distinction between pretrial and mid-trial flight.  A

18  defendant who absconds in the midst of trial "where judge, jury, witnesses, and lawyers are present and

19  ready to continue" would likely understand that the trial would continue in their absence.  *Id*. at 262

20  (citing *Taylor v. United States,* 414 U.S. 17, 20 (1973)).  Therefore, a defendant who appears at the start

21  of trial, but then voluntarily flees, makes a knowing waiver of the right to be present.  506 U.S. at 261.

22  In contrast, the Court found it less clear whether a defendant who flees prior to trial similarly makes a

23  knowing and voluntary waiver.  *See id*. at 261-62 ("Since the notion that trial may be commenced in

24  absentia still seems to shock most lawyers, it would hardly seem appropriate to impute knowledge that

25  this will occur to their clients.") (quoting Starkey, Trial in Absentia, 53 N.Y.St.B.J. 30, 34 n.28 (1982)).

26  Further, the practical costs of terminating a proceeding midstream are greater than the costs of

27  postponing a trial that has yet to commence.  *Id.* 261.  The Court concluded that "[i]f a clear line is to be

28  drawn marking the point at which the costs of delay are likely to outweigh the interests of the defendant

JOINT MOT. TO VACATE TRIAL                  2
20-480-05 WHA

and society in having the defendant present, the commencement of trial is at least a plausible place at which to draw that line." *Id.*

Since the *Crosby* decision, the language of Rule 43 has changed slightly, as set forth in the table below, but the force of the Supreme Court's decision remains the same:

| Rule 43 at the time of the *Crosby* decision | Current language of Rule 43 (last amended in 1995) |
|---|---|
| (a) PRESENCE REQUIRED. The defendant shall be present at the arraignment, at the time of the plea, at every stage of the trial including the impaneling of the jury and the return of the verdict, and at the imposition of sentence, except as otherwise provided by this rule. | (a) WHEN REQUIRED. Unless this rule, Rule 5, or Rule 10 provides otherwise, the defendant must be present at:<br><br>(1) the initial appearance, the initial arraignment, and the plea;<br><br>(2) every trial stage, including jury impanelment and the return of the verdict; and<br><br>(3) sentencing. |
| (b) CONTINUED PRESENCE NOT REQUIRED. The further progress of the trial to and including the return of the verdict shall not be prevented and the defendant shall be considered to have waived the right to be present whenever a defendant, initially present,<br><br>(1) is voluntarily absent after the trial has commenced.... | (c) WAIVING CONTINUED PRESENCE.<br><br>(1) *In General.* A defendant who was initially present at trial, or who had pleaded guilty or nolo contendere, waives the right to be present under the following circumstances:<br><br>(A) when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant of an obligation to remain during trial; |

For example, the Ninth Circuit reaffirmed the *Crosby* holding in *United States v. Aguilar-Reyes*, 723 F.3d 1014, 1017 (9th Cir. 2013), noting that Rule 43 "set[s] forth a few exceptions to the presence requirement, but those exceptions are *exclusive.*" (emphasis added).

The initial facts of *Crosby* mirror those here.  Following arraignment, the defendant, Crosby, was released on bond.  506 U.S. at 256.  He appeared at subsequent hearings including the pretrial conference. *Id.*  On the day of jury selection, however, Crosby failed to appear. *Id.*  Similarly, here, Maldonado complied with conditions of release for nearly a year and appeared at her trial setting prior to absconding.  *See* Dkts. 104, 151, Minute Entries.  The parties concur that based on this binding precedent a trial *in absentia* cannot proceed.

Finally, during the January 12, 2022 status conference, the Court considered how to proceed if

1    the defendant reappeared prior to the February 7, 2022 trial date.  Should Maldonado once more begin

2    contacting counsel and/or Pretrial, defense counsel would seek a brief continuance, in order to

3    effectively represent her client.  The current trial date is approximately 23 days from the date of this

4    filing.  Even if Maldonado immediately reinitiates communication, defense counsel submits that the

5    short period of time and the need to review and vet English translations of Spanish language recordings

6    and discuss pretrial motions is insufficient to adequately represent Maldonado's interests at trial.  The

7    government does not object to a request for a brief continuance should the situation arise.

8    **III.    CONCLUSION**

9          The parties respectfully request that this Court vacate the February 7, 2022 trial date with respect

10   to Ana Maldonado.

11

12   DATED:  January 14, 2022                                    Respectfully submitted,

13                                                              STEPHANIE M. HINDS
                                                                United States Attorney
14

15
                                                                _____/s_____
16                                                              SAILAJA M. PAIDIPATY
                                                                Assistant United States Attorney
17

18

19                                                              __/s (signed with permission) __
                                                                KAREN MCCONVILLE
20                                                              Counsel for Ana Maldonado

21

22

23

24

25

26

27

28

JOINT MOT. TO VACATE TRIAL                    4
20-480-05 WHA